IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN BLACKSTONE,** | : | Civil No. 1:17-CV-00602 |
| Petitioner, | : | (Judge Rambo) |
| v. | : | (Chief Magistrate Judge Schwab) |
| **ROBERT GILMORE,** | : | |
| Respondent. | : | |

## **O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the court is a report and recommendation of the magistrate judge in which she recommends that Petitioner Stephen Blackstone's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be denied. (Doc. 28.) The petitioner has filed objections to the report and recommendation. (Doc. 29.) For the reasons that follow, the report and recommendation will be adopted.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829

F. Supp. 736, 738 (M.D. Pa. 1993); Middle District L.R. 72.3. Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g.*, *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998). Therefore, the court reviews the portions of the report and recommendation to which the petitioner objects specifically *de novo*. The remainder of the report and recommendation, and any portion the petitioner objects to generally, is reviewed for clear error.

    In his habeas petition, Petitioner contends that his counsel at his resentencing hearing provided ineffective assistance. He also claims that he was denied due process in connection with his resentencing. Petitioner objects to the magistrate judge's report, arguing that the judge committed a manifest error of law by asserting that the state court's denial of Petitioner's ineffectiveness claim was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). He also argues that the magistrate judge committed a manifest error of law by

failing to address Petitioner's due process claim. To the contrary, the court has thoroughly reviewed the report of the magistrate judge and finds that each of these claims raised by Petitioner in his habeas petition was properly considered. Moreover, the court agrees with the sound reasoning which led the magistrate judge to her conclusions that (1) the state court's decision on Petitioner's ineffective assistance of counsel claim was not an unreasonable application of clearly established federal law, *i.e.*, *Strickland*, and (2) the Pennsylvania Superior Court's decision that the resentencing court did not rely on any material inaccuracies and that Petitioner "fail[ed] to provide any support for his bald assertion that he was unrepresented by counsel during his prior juvenile adjudications" was not unreasonable, (Doc. 28 at 41).[1] As a result, Petitioner's

---

[1] More specifically, in his objections to the report and recommendation, Petitioner argues that the magistrate judge erred in denying his claim that trial counsel was ineffective for failing to assert during resentencing that Petitioner did not have counsel during his juvenile proceedings. (Doc. 29 at 4.) In support, he relies on *Burgett v. State of Texas*, 389 U.S. 109 (1967), which he contends stands for the proposition that "when certified records of a . . . conviction [do] not show that the defendant was represented by counsel or that he waived counsel, the records raised a presumption that the defendant was denied counsel" and that "the records could not be used to enhance the defendant's sentence in a subsequent prosecution." (Doc. 29 at 4) (citing *Burgett*). He also contends that *Burgett* "expressly held that presuming waiver of counsel from a silent record is impermissible." (*Id.*) (citing *Burgett*). Relying on these propositions, Petitioner argues that the state court should not have enhanced his sentence based on his juvenile proceedings because it did not review the certified record related to his case which would have shown that he was not represented by counsel during those proceedings. The magistrate judge denied Petitioner's claim, finding that the state court's determination that Petitioner "fail[ed] to provide any support for his bald assertion that he was unrepresented by counsel during his prior juvenile adjudications, or that Attorney Shreve was aware of [Petitioner]'s purported lack of representation," (Doc. 28 at 35) (quoting *Commonwealth v. Blackstone*, No. 1327 MDA 2015, 2016 WL 6876330, at *10 (Pa. Super. Ct. Nov. 22, 2016)), was not unreasonable. The magistrate judge also noted, "while [Petitioner] has presented in this habeas case his own declaration (dated September 5, 2017) and a declaration from his mother (dated September 10,

3

objections to the report and recommendation will be denied. The court will adopt the magistrate judge's report and recommendation, in full, and the petition for writ of habeas corpus will be denied.

**AND NOW**, after consideration of the report and recommendation (Doc. 28) as well as the applicable law, **IT IS HEREBY ORDERED THAT**:

1) The report and recommendation (Doc. 28) is **ADOPTED**.

2) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3) The court declines to issue a certificate of appealability for the reasons set forth in the report adopted by this order.

4) The Clerk of Court shall **CLOSE** this case.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: January 9, 2019

---

2017), *see* Doc. 19-1 at 2-7 and Doc. 27-1 at 36-40, both of which suggest that he did not have counsel during at least some of the juvenile proceedings, there is no indication in the record that he presented any similar declarations to the state court. And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen* [*v. Pinholster*], 563 U.S. 170, 181 (2011). (Doc. 28 at 35-36.) Upon careful review, the court agrees with the sound reasoning upon which the magistrate judge bases her recommendation.